UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAWN HERNANDEZ, *et al.*                                    CIVIL ACTION

VERSUS                                                      NO. 23-210

WALMART INC.                                               SECTION M (5)

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by defendant Walmart Inc. ("Walmart").[1]   Plaintiffs Dawn and Robby Hernandez (together, "Plaintiffs") respond in opposition,[2] and Walmart replies in further support of its motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying Walmart's motion.

## I.    BACKGROUND

This matter involves personal injuries Dawn Hernandez allegedly sustained following a slip-and-fall at a Walmart store located in Houma, Louisiana.  In their complaint, Plaintiffs recite that, on a rainy September 19, 2021, Hernandez visited the store and slipped in water that had accumulated on the floor near the laundry detergent aisle as a result of roof damage or some other defect.[4]  The unsafe condition, say Plaintiffs, existed for at least 30 minutes prior to Hernandez's accident, without any intervention or remediation by the store's staff.[5]  Plaintiffs maintain that, as a result of the fall, Hernandez suffered injuries to her neck, spine, and right side of her body.[6]

---

[1] R. Doc. 20.
[2] R. Doc. 24.
[3] R. Doc. 27.
[4] R. Doc. 1-2 at 1-2.
[5] *Id.* at 2.
[6] *Id.* at 2-3.

Hernandez and her husband filed suit in state court against Walmart and the store manager, Brandon Dion, asserting a claim of negligence and seeking damages for their injuries.[7]   Walmart removed the action to this Court on the basis of diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.[8]   In its notice of removal, Walmart conceded that Dion is non-diverse but urged that he was improperly joined and, as a consequence, his citizenship should be ignored for purposes of diversity jurisdiction.[9]   Plaintiffs subsequently filed a motion to remand,[10] which this Court denied upon finding that Dion was indeed improperly joined.[11]

## II.   PENDING MOTION

Walmart moves for summary judgment, arguing that Plaintiffs cannot meet their burden of proof under La. R.S. 9:2800.6(B), which governs premises liability for merchants.[12]   Specifically, Walmart argues that Plaintiffs have no evidence that it either created or had actual or constructive notice of the condition that allegedly caused the accident.[13]   Walmart supports its motion with Dawn Hernandez's deposition testimony.[14]   Hernandez testified that she did not notice water on the floor before she slipped and she had no information suggesting how long the water had been on the floor prior to the accident or how it got there.[15]  She also testified that she had no information suggesting that a Walmart employee caused the water to be on the floor or knew it was there prior to her accident.[16]

---

[7] *Id.* at 3.
[8] R. Doc. 1.
[9] *Id.* at 5-6.
[10] R. Doc. 6.
[11] R. Doc. 9.
[12] R. Doc. 20.
[13] R. Doc. 20-1 at 1-10.
[14] *Id.* (citing R. Doc. 20-2).
[15] *Id.*
[16] *Id.*

In opposition, Plaintiffs argue that there are disputed issues of material fact whether Walmart had actual or constructive notice of the allegedly wet floor because the store's roof was damaged by Hurricane Ida three weeks prior to the accident and Walmart did not fully repair the roof before allowing customers into the store without warning of the potential for wet floors.[17] They further argue that it was raining the day of the accident and Walmart, knowing the roof still leaked, failed to act reasonably to add more workers to inspect the floor for puddles.[18]  Plaintiffs support their arguments with the deposition testimony of assistant manager, Brandon Dion, in which he stated that the store opened after the initial roof repairs, knowing there were lingering repair issues, and that employees would mark subsequent leaks with an "X" on the store's floor, "on the spot of an identified water puddle," and then contact the contractors to fix the leaks.[19]  This was the protocol Walmart followed both before and after Hernandez's accident.[20]  Dion further testified that sometimes water from roof leaks would drift along the rafters away from the actual hole and leave a puddle in a different location.[21]  Plaintiffs also cite the deposition testimony of department manager, Shelly Crochet, in which she confirmed the roof leaks resulting from the hurricane and stated that she saw a splatter of water on the floor where Hernandez fell.[22]

Walmart replies, reiterating that Plaintiffs have no admissible evidence of actual or constructive knowledge of the alleged harmful condition (*i.e.*, water on the floor caused by a

---

[17] R. Doc. 24 at 1-11.  Plaintiffs, citing *Birdsong v. Hirsch Memorial Coliseum*, 889 So. 2d 1232 (La. App. 2004), argue that their claims are brought under Louisiana Civil Code articles 2315 and 2317.1, which apply to premises-defect claims.  R. Doc. 24 at 3-4.  Walmart, on the other hand, maintains that, because it is a merchant, the merchant-liability statute, La. R.S. 9:2800.6, applies.  R. Doc. 27 at 1-2.  In *Birdsong*, there was a question whether the defendant was a merchant for purposes of making La. R.S. 9:2800.6 applicable.  Here, Walmart is unquestionably a merchant.  Therefore, Plaintiffs' claims are governed by La. R.S. 9:2800.6, not Civil Code articles 2315 and 2317.1. *See Flowers v. Wal-Mart Inc.*, --- F.4th ---, 2023 WL 5274422, at *2 (5th Cir. Aug. 16, 2023) ("Merchant liability for slip and fall cases under Louisiana law is governed by La. R.S. 9:2800.6 ….").
[18] R. Doc. 24 at 9.
[19] *Id.* at 4-5.
[20] *Id.*
[21] *Id.* at 5.
[22] *Id.* at 5-6.

specific roof leak), which it contends is required to hold it liable under La. R.S. 9:2800.6.[23] Walmart further argues that Plaintiffs are conflating knowledge with reasonable care by contending that Walmart would have known about the alleged hazardous condition had it properly monitored the floor condition.[24]

## II.    LAW & ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*.  A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact.  *Id*. at 323.  If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact.  *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  The substantive law identifies which facts are material.  *Id*.  Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a

---

[23] R. Doc. 27 at 2-4.
[24] *Id.* at 4-8.

4

whole.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014).  Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment.  *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994).  In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence.  *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398-99 (5th Cir. 2008).  Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment.  *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001).  Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial.  *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2).  Such facts must create more than "some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.  When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden.  *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B).  Unless there is a genuine issue for trial that could

support a judgment in favor of the nonmovant, summary judgment must be granted.  *See Little*, 37 F.3d at 1075-76.

### B.  Premises Liability

Under Louisiana law, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A).  "This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage."  *Id.*  To prove a negligence claim against a merchant in a slip-and-fall case, a plaintiff must prove all the following:

> (1) The condition [existing in or on a merchant's premises alleged to have caused the fall] presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

> (3) The merchant failed to exercise reasonable care. …

La. R.S. 9:2800.6(B).  The heightened burden under subsection B – as compared to the burden under subsection A – applies in situations where a customer falls on a merchant's premises.  *Davis v. Wal-Mart Stores, Inc.*, 774 So. 2d 84, 90 (La. 2000) (citing *Smith v. Toys "R" Us, Inc.*, 754 So. 2d 209 (La. 1999)).  "Failure to prove any one element negates a plaintiff's negligence action." *Martin v. Boyd Racing, L.L.C.*, 681 F. App'x 409, 411 (5th Cir. 2017).  The Fifth Circuit has observed that this "statute places a heavy burden of proof on plaintiffs in slip and fall cases," which cannot be met by "[m]ere speculation or suggestion." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quotations omitted).

In this motion, Walmart urges only that Plaintiffs cannot prove the second element of their negligence claim – namely, that Walmart either created or had actual or constructive notice of the condition which caused the damage, prior to the accident.  But Plaintiffs have met their burden of

demonstrating that there are disputed issues of material fact concerning whether Walmart created the allegedly hazardous condition.  In *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 744-46 (5th Cir. 2017), a case with remarkably similar facts, where the plaintiff allegedly slipped on water that leaked onto the store's floor from a negligently maintained roof known to spring new leaks, the Fifth Circuit reversed the district court's grant of summary judgment, holding that a reasonable jury could find that (1) the plaintiff slipped on water that leaked from the roof and (2) "Wal-Mart's purportedly negligent maintenance of the roof could suffice to show that it 'created … the condition which cause the damage' under Section 9:2800.6.'"  *Id.* at 745.  The court explained that a plaintiff can prove that a merchant defendant "created" a hazardous condition, making it "directly responsible" for a plaintiff's injuries, by showing that: (1) "the defendant's employees actually created the hazard," for example, by spilling something on the floor; or (2) "the defendant was responsible for maintaining the area where the hazardous condition was manifest."  *Id.* at 747-48.  If a plaintiff demonstrates that the defendant "created" the hazardous condition, she need not show actual or constructive notice.  *Id.* at 748; *see also Salzman v. Matherne's Supermarket at Riverlands, L.L.C.*, --- So. 3d ---, 2023 WL 4117345 (La. App. June 22, 2023) (applying *Deshotel* to hold summary judgment inappropriate where plaintiff presented evidence that store created hazard when it knew that its packaged chicken leaked, creating an unsafe condition, and it did not take steps to fix it); *Pousson v. Lowes Home Ctrs. LLC*, 2019 WL 5390102 (W.D. La. Oct. 17, 2019) (applying *Deshotel* to deny summary judgment where plaintiff presented evidence that defendant knew of hazardous condition – a leaky toilet – and failed to remedy it).

Here, as in *Deshotel*, Plaintiffs have presented sufficient evidence – particularly, the deposition testimony of Dion and Crochet –  to overcome Walmart's showing on its motion for

summary judgment.  This evidence points to disputed issues of material fact regarding Walmart's "creation" of the allegedly hazardous condition by failing to properly repair its leaking roof.  The evidence shows that Walmart knew the roof was leaking but allowed customers into the store without warning of potentially wet floors.  With this evidence, a reasonable jury could find that Hernandez slipped on water from a roof leak and that Walmart created the condition.  This ruling should not be read as making a conclusive finding on either question but holds only that there are sufficient facts in dispute to leave these matters to the jury.

**III.    CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Walmart's motion for summary judgment (R. Doc. 20) is DENIED.

New Orleans, Louisiana, this 23rd day of August, 2023.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE